Judge Buchner
drlinered the opinion of the Court.
George, Benjamin, and Jane Williams sued the administratrix of Joseph Cummins, deceased, by an action of debt, on a note executed by her intestate, and recovered judgment. In virtue of an execution issued thereon, a slave named Zachariah, the property of the estate of said intestate, and which was in possession of the administratrix, was levied upon and sold by the sheriff; and the plaintiffs'in the execution *638 became the purchasers. They however, being dissa-P'o-eeufed a writ of error to this court, and procured a reversal of the judgment. See the opinion re* ported in VI Monroe, page, 157.
The administrator and administratrix (who are the present appellees) then moved the court from which the execution issued, to quash the sale aforesaid and the execution on which it was made, upon the ground, that the plaintiffs therein, had caused the judgment, on which it issued, to be reversed; and when the case was returned to the circuit court, had suffered a non-suit. The court sustained the motion, and (hereupon, the administrator and administratrix instituted an action of de'inue, to recover from said George, and Benjamin Williams, the slave aforesaid, and a verdict and judgment having been obtained against them, they have appealed.
The only points necessary to be considered, grow out of instructions moved for, and refused, and others which were given, during the progress of the trial.
The appellants moved the court, to instruct the jury, “that if Urey believed fiom the evidence in the cause, that they bought the slave at sheriff’s sale under an execution against the appelleess, the law was for them notwithstanding (he non-suit and quashal of the execution and sale aforesaid; and that such quashal did not divest them of their title, acquired under the sheriff's sale.”
The court refused to give the instructions as moved for, but instructed the jury, thatif they believed from the evidence, that the Williams’ purchased the slave under their execution against the administratrix of Joseph Cummins, deceased, they thereby became invested with the legal title to said slave; but if they believed that the execution under which he was sold, had been quashed, and the sale also, and that the judgment had been reversed, by the appellate- court, the law was for the administrator and administratrix.
The appellants also moved the court to instruct the jury, that if they believed from the evidence in the cause, that a part only of the heirs of. Williams had purchased the slave under said execution, the title was thereby as completely vested in them, as it would have *639 been, in a stranger, bad he made the purchase; and that the Jaw was for the defendants, notwiths'anding the non-suit,and quashaJ of the execution and sale; but the motion was overruled.
‘j'de' under ftVan’eror ' the'plalntiffin the eseomion *as^r6 with n valid title, altho’ reimed.'1' * On, -reversal of Íue1-’í|,!?'ll1entí inuieexecul timi is not en-to re-the ¿Am# sold, but only to °JT If the writ be "0(: tiTtbe officer, h->wever 'rre. 'ula‘r “*ay bc*
If a sheriff sell to a stranger under a fuere facias, issued on a judgment which was afterwards reversed, the sale confers a valid title to the purchaser; if the property sold, was subject to the execution; and the defendant, in the executran is no. eniittled to restitution, on account of the reversal; but to the money for which it was sold, flee the case of Coleman vs. Trabue, II Bibb, 418, and the authorities there cited. If the wiit be not void, it is a good justification for the officer; however irregular it maybe; and it is a general rule, that where the officer can justify under an execution, the purchaser claiming under his sale, will acquire a valid title to the property purchased; Cox vs. Nelson, 1 Monroe, 95. The first part of the last instruction which was moved for, and overruled by the circuit court, on tile trial of this case, was probably suggested by a supposition, that wheiea plaintiff in an execution, becomes the purchaser, and the judgment on which it issued, is afterwards reversed, a restitution of the property purchased, will be the legal consequence. The stress ap-parontly attached to the word “si ranger” in the above cited case of Coleman vs. Trabue, is calculated to lead the mind of the reader to such a conclusion; and it may be observed, that the reporter of that case in attempting to extract the principles of it, seems to have understood it, in that way. But it is apparent upon an examination of the opinion, that it contains no such principle. In the case of Parker's heirs vs. Anderson’s heirs, V Monroe, 452, this court, after having said, ¡hat the doctrine is well settled at law, that estate sold under a writ of fieri facias, will be retained by the purchaser, although the judgment upon which the execution issued, be afterwards reversed, add, that “the parties to a judgment or decree, are equally with all others, at liberty to bid for, and purchase property exposed to sale, under the authority of a judgment or decree; and there is the same reason for protecting the interest acquired by a party, under a purchase, as that of a stranger.”
If this be the correet doctrine on the subject, it fol lows, most clearly, that the court improperly refused the *640 instructions asked for, and misdirected the jury, unless the previous order of the court, quashing the execution, and sale, shall materially change the aspect of the case. - If that order was valid, unless reversed, and divested the appellants of the right to the slave, which they acquired by their purchase, the instructions given were correct. It becomes important therefore, to inquire into that matter. ri he sale of the slave by the officer was made in December, INI. The non-suit above spoken of, was entered at the November term of the circuit court, 1823. During the same term, an order was entered by fhp court quashing (he execution, and sale of thc^lave made under it. No notice was served on the’purchasers, that such a motion would be made; •and the only grounds on which the sale was set aside, were stated on the record to be, that the judgment on which the execution i;sued had been reversed by the appellate court, and a non-suit afterwards entered.
'Order quashing'sale without'notice to purchaser, is void.
Talbot, for appellants; Grimes, for appellees.
Without intending to inquire into, or determine, as to the authority of a circuit court to set aside a sale of personal property, made by its officer, under an execution issued from the court, upon notice served within convenient time; and upon grounds which ought to vitiate the sale; (such for instance, as fraud on the part of the purchaser, in making the purchase,) we are satisfied that the order of the court in this case, quashing the sale, must be considered as a nullity. An order made by the couit, without previous notice, to the person to be affected by it, quashing the sale, and that moreover, after a lapse of almost four years from the date of the purchase, upon no other ground, except that the judgment, on which the execution issued, had been reversed, cannot affect the right of such purchaser. If it could, the rights of purchasers would beso insecure, that few, •if any persons, would be willing to part with their money, and involve themselves in that way.
If the foregoing view be correct, the circuit court ■erred, to the prejudice of the appellants.
The judgment must be reversed, and the cause remanded to that court, with directions, that further proceedings be had, not inconsistent with this opinion.